IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET R. WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 12-587-CG-B |
| ) | |
| SUNTRUST MORTGAGE, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On August 16, 2013, Magistrate Judge Bivins submitted a report and recommendation (Doc. 24) on Defendants' motion to dismiss (Doc. 10). Judge Bivins recommended that the court dismiss all Plaintiff's claims except her claim for breach of contract. Plaintiff did not object, but Defendants did. The matter comes before the court on Defendants' objection to Judge Bivins's recommendation on the contract claim. (Doc. 25.)

The contract at issue is a forbearance agreement between Plaintiff and Defendant SunTrust dated May 23, 2009. The way Judge Bivins read that agreement, SunTrust agreed not to foreclose on Plaintiff's home so long as Plaintiff made four timely payments of $1,400. Although Plaintiff allegedly made all four payments on time, the complaint says that Defendants foreclosed on her home anyway. Judge Bivins found that those facts stated a claim for breach of contract and denied the motion to dismiss that count.

Defendants object to that conclusion, arguing that the forbearance agreement was only valid until the end of September 2009.  If that's the case, then they couldn't have breached the agreement by foreclosing on Plaintiff's home when they did, "nearly seven . . . months after the forbearance agreement expired by its stated terms." (Doc. 25 ¶ 4.)

The problem with that argument is that no "stated terms" in the agreement set an expiration date—by all appearances the agreement's term was indefinite.  To argue otherwise, Defendants rely on a provision of the agreement that is literally nonsense: "*Note: On or before [_____] ; you must send updated [_____].  At that time, your account will be reviewed for a possible Loss Mitigation workout." (Doc. 25-1 at 2 (bracketed blanks indicate empty space in the agreement).) Perhaps if there were a date supplied after the words "on or before," then there would be something to Defendants' argument.  But there wasn't one, so Judge Bivins was quite correct to find the forbearance agreement had not expired when Plaintiff's home was foreclosed upon.

Likewise, Defendants' objection based on the statute of frauds is without merit.  As Judge Bivins correctly noted, "[b]ecause the parties' forbearance agreement was in writing, it does not run afoul of the Statute of Frauds." (Doc. 24 at 19 n.6.)

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those

2

portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, and it is **ORDERED** that Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part as follows:

(1) With respect to Plaintiff's claims for wrongful foreclosure (Count I), fraud (Count II), breach of implied covenant of good faith and fair dealing (Count IV), intentional infliction of emotional distress (Count V), negligence (Count VI), wantonness (Count VII), slander of title (Count VIII), and transfer of title (Count IX), the motion to dismiss is **GRANTED**;

(2) With respect to Plaintiff's claim for breach of contract (Count III), the motion to dismiss is **DENIED**.

**DONE** and **ORDERED** this 26th day of September, 2013.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**